IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CALVIN L. DAVIS,**

**Petitioner,**

**vs.** **Case No. 4:12cv581-WS/CAS**

**MICHAEL D. CREWS, Secretary of Florida Department of Corrections,**[1]

**Respondent.**

______________________________/

**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

On October 26, 2012, Petitioner Calvin L. Davis, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a supporting memorandum. Docs. 1 and 2. Petitioner has paid the filing fee. Doc. 5. Petitioner has also filed a "Petition to Supplement the Relief Sought." Doc. 6.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local

---

[1]The Clerk of Court shall substitute Michael D. Crews as Secretary of the Florida Department of Corrections in place of Kenneth Tucker. Michael Crews became Secretary on December 17, 2012, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

Rule 72.2(B). The pleadings and attachments before the Court show that the petition is untimely and should be summarily dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner indicates he was convicted and sentenced, for first degree murder and use of a firearm in the commission of a felony, by the Second Judicial Circuit Court, Leon County, on October 27, 2003, following a jury trial. Doc. 1 at 1-2. Petitioner did not appeal his conviction and sentence. *Id.* at 2.

Petitioner further indicates that he filed a petition for belated appeal on November 8, 2004. Doc. 1 at 2. The online docket for the First District Court of Appeal (DCA) reflects Petitioner had a petition for belated appeal filed there on September 21, 2004, assigned case number 1D04-4208. *See* online docket for 1D04-4208 at www.1dca.org. During the course of that proceeding, the First DCA relinquished jurisdiction to the circuit court, for the appointment of a special master to conduct a hearing. *See id.* The circuit court appointed the special master and subsequently entered an order regarding Petitioner's entitlement to a belated appeal. *See id.* The First DCA ultimately denied the petition for belated appeal on the merits on May 23, 2005. *See id.*; Davis v. State, 903 So. 2d 192 (Fla. 1st DCA 2005) (table).

Petitioner indicates he filed a post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850, in the state circuit court on October 27, 2005. Doc. 1 at 2. The post-conviction court evidently denied that motion at some point thereafter, and

Petitioner appealed the denial to the First DCA, which affirmed the case without opinion on March 27, 2008, in case number 1D07-4969. *See* online docket for 1D07-4969 at www.1dca.org; Davis v. State, 982 So. 2d 688 (Fla. 1st DCA 2008) (table). Petitioner filed a motion for rehearing, which the First DCA denied on May 16, 2008. *See* online docket for 1D07-4969 at www.1dca.org. The mandate issued on June 3, 2008. *See id*.

Petitioner indicates he also filed a post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.800(a) on August 3, 2009. Doc. 1 at 2. The circuit court evidently denied that motion, and Petitioner appealed to the First DCA, which affirmed the case without opinion on July 27, 2010, in case number 1D10-2063. *See* online docket for 1D10-2063 at www.1dca.org; Davis v. State, 41 So. 3d 893 (Fla. 1st DCA 2010) (table). The mandate issued on August 24, 2010. *See* online docket for 1D10-2063 at www.1dca.org.

As indicated above, Petitioner filed this § 2254 petition on November 4, 2012. Doc. 1. Petitioner alleges seven grounds, each claiming ineffective assistance of trial counsel. Doc. 1 at 2-3.

**Analysis**

There is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. *Id.* § 2244(d)(1)(A).[2] The

[2]Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is

limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, Petitioner's conviction became final on or about November 26, 2003, when the time for filing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A); Fla. R. App. P. 9.140(b)(3) (allowing 30 days to appeal from rendition of written order imposing sentence); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (explaining that if defendant does not appeal conviction or sentence, judgment of conviction and sentence becomes final when 30-day period for filing direct appeal expires). Although Petitioner sought leave to file a belated appeal, the First DCA denied that petition. *See* Davis v. State, 903 So. 2d 192 (Fla. 1st DCA 2005) (table); online docket for case number 1D04-4208 at www.1dca.org. Therefore, the date of finality may have remained on or about November 26, 2003, commencing the one-year AEDPA time limitations period. *Cf.* Jimenez v. Quarterman, 555 U.S. 113, 121 (2009) (holding that "where a state court *grants* a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)" (emphasis added)); Williams v. Crist, 230 F. App'x 861, 867-68 (11th Cir. 2006) (acknowledging

---

removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

that "[w]e have not addressed whether a motion for a belated appeal [from the denial of a Rule 3.850 motion] tolls an *unexpired AEDPA period*" and holding that appellant's belated appeal motion did have "a tolling effect" under the facts presented, including that belated appeal motion was filed before AEDPA time expired, belated appeal motion was ultimately granted, appellant diligently pursued belated appeal, allowing appellant to pursue belated 3.850 appeal within AEDPA time serves exhaustion requirement, and when appellant filed § 2254 petition, 131 days remained on AEDPA clock); Miller v. Crosby, 180 F. App'x 126, 128 (11th Cir. 2006) (acknowledging that "[w]e have not addressed whether a motion seeking a belated appeal tolls an unexpired AEDPA period" and declining to reach issue where appellant's § 2254 petition was untimely regardless of whether limitations period was tolled during pendency of petitions seeking belated appeal). *But see* Patrick v. McDonough, 2007 WL 3231740 at *9-11 (N.D. Fla. Oct. 29, 2007) (adopting and incorporating magistrate judge's report and recommendation to deny motion to dismiss, which included analysis of cases on whether AEDPA time is tolled during petition for belated appeal and which concluded that time was tolled in that case, from date petition filed in appellate court through date of appellate court's denial of motion for rehearing).

The one-year AEDPA limitations period ended one year later, on or about November 26, 2004. *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis). Petitioner filed nothing else until October 27, 2005, when he filed his Rule

3.850 motion in state circuit court. By this time, however, Petitioner's one-year AEDPA period had expired. *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Accordingly, the § 2254 petition is untimely.

Even assuming Petitioner's AEDPA time was tolled during the pendency of his petition for leave to file a belated appeal, the instant § 2254 petition is still untimely. Under this view, the AEDPA clock ran beginning November 27, 2003, for 299 days until September 21, 2004, when Petitioner filed his petition for leave to file a belated appeal in the First DCA.[3] The AEDPA time was tolled until the First DCA denied that petition on May 23, 2005. Davis v. State, 903 So. 2d 192 (Fla. 1st DCA 2005) (table); *see* Miller, 180 F. App'x at 129 (explaining that state appellate court dismissed petition for

---

[3]Petitioner indicates he filed his petition for belated appeal on November 8, 2004. Doc. 1 at 2. The online docket indicates the petition was filed September 21, 2004, however. *See* online docket for 1D04-4208 at www.1dca.org. This Court will give the Petitioner the benefit of the earlier filing date.

belated appeal "and the limitations period resumed on the following day"). The AEDPA clock started again on May 24, 2005, and ran for another 66 days until it expired on July 28, 2005. As indicated above, Petitioner did not file anything else concerning this conviction until October 27, 2005, when he filed a Rule 3.850 motion in state court, after the AEDPA time had expired.

In his supplement, Doc. 6, Petitioner acknowledges that his AEDPA time has expired. *See* Doc. 6 at 1. Petitioner recounts the procedural background, set forth above, regarding his efforts at a belated appeal and post-conviction relief. *Id.* at 2. Petitioner also asserts he had difficulty obtaining a copy of his trial transcripts. *Id*. at 2-3. Petitioner's indicates his mother assisted him in obtaining the transcripts, and Petitioner attaches an affidavit from his mother, LaVernne J. Davis, dated September 24, 2007, as Exhibit J. Doc. 6 at 3-4 and Ex. J. In the affidavit, Ms. Davis states she "had problems receiving the transcripts in a timely manner" and, after she received the call that the transcripts were completed and ready, she "immediately went to the Courthouse paid for and pick[ed] the transcripts up and mailed the transcripts" to the facility where Petitioner was incarcerated. Doc. 6 Ex. J. Ms. Davis states "there were delays within the Courthouse and I want this to be taken under deep consideration," and further, "I want to attest to the fact that it was not a delay between me mailing the transcripts to [Petitioner]." *Id*. Petitioner asserts "[t]his non-attributable delay to the Petitioner" prevented him "from filing a timely motion to toll the (1) year filing time for habeas corpus relief. Doc. 6 at 4. Petitioner asserts that after he received all the transcripts, "[i]t reasonably took [him] time between the Florida Dept. of Corrections

internal movements, and limited understanding of the law, with no professional or non-professional (inmate law clerks) aid to carefully review the entire transcripts . . . and discover the plain error claims which he raises in his petition for habeas corpus relief with supporting cites expounding that this Court of Appeals reviews de novo claims of plain error, which the Petitioner alleges will result in a manifest injustice if not cured by the Court." *Id*. at 4-5.

Petitioner thus appears to assert an argument that his AEDPA clock did not start until he received the transcripts or, alternatively, an equitable tolling argument. As explained below, neither argument has merit.

First, "an exception to the general statute of limitations of § 2244(d)(1)(A) is contained in § 2244(d)(1)(B), which permits a prisoner to file a habeas corpus petition within one year from 'the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.'" Lloyd v. Vannatta, 296 F.3d 630, 632 (7th Cir. 2002). Any failure or delay by the State in getting the trial transcripts to Petitioner did not prevent Petitioner form filing his habeas corpus petition, however, so § 2244(d)(1)(B) does not apply here. *See id.* at 633 (explaining that "the plain language of the statute [§ 2244(d)(1)(B)] makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition"). "Although mere notice pleading is not sufficient in the habeas corpus context, *see* Blackledge v. Allison, 431 U.S. 63 . . . (1977), there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief." Lloyd, 296 F.3d at 633. "Rather,

Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition." *Id.* Moreover, even after Petitioner apparently obtained the transcripts in 2007, it took him more than five years to file the § 2254 petition.

Second, "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Petitioner bears the burden of establishing entitlement to this remedy. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). Here, any delay in Petitioner's obtaining the transcripts does not warrant equitable tolling. *See, e.g.*, Gassler v. Bruton, 255 F.3d 492, 494-95 (8th Cir. 2001); Donovan v. Maine, 276 F.3d 87, 93-94 (1st Cir. 2002); Waites v. Cummins, No. 3:10cv295-TMH, 2012 WL 5984688 (M.D. Ala. Oct. 15, 2012) (collecting cases). Indeed, nothing prevented Petitioner from filing his § 2254 petition, to toll the time, and then, if he needed further elaboration for his claims, seeking to obtain the transcripts. *See, e.g.*, Gassler, 255 F. 3d at 495 (holding district court did not err in dismissing habeas petition as time-barred and explaining: "[W]e understand petitioner's desire to have a transcript before filing for post-conviction relief. Possession of a transcript, however, is not a condition precedent to the filing of such proceedings. A petition seeking collateral relief could have been filed, following which, if necessary for decision of the issues raised, the court could have ordered production of the transcript.");

Donovan, 276 F.3d at 93 (explaining that petitioner had attended court proceeding and "thus, knew what had transpired at that session" and "[g]iven the lack of any need for particularity, citation to the transcript was unnecessary in order to allege the grounds for federal habeas relief"); Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) ("lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling").

Notably, Petitioner indicates he filed his Rule 3.850 motion on October 27, 2005, at which point, according to his statements, he had not received the transcripts. *See* Doc. 6 at 3. By this point, however, his AEDPA time had already expired. *See, e.g.,* Donato v. Sec'y, Dep't of Corr., No. 8:10cv2407-T-30TBM, 2010 WL 5394889 at *2 (M.D. Fla. Dec. 23, 2010) (finding equitable tolling not applicable and explaining, in part, that "to the extent Petitioner asserts that she attempted to obtain state court records in order to prepare her federal habeas petition, those efforts to obtain records were made well after the limitation period expired").

Petitioner did not act with diligence in pursing his federal habeas corpus petition. As indicated above, even after Petitioner had obtained the transcripts, it took him over five years to file his § 2254 petition. Petitioner appears to assert this delay was caused by his movement within the Department of Corrections and his lack of assistance to review the transcripts and prepare the petition. *See* Doc. 6 at 4-5. These conclusory allegations do not warrant application of equitable tolling. *See, e.g.*, Paulcin v. McDonough, 259 F. App'x 211 (11th Cir. 2007) (finding petitioner's "transfer to county jail and denial of access to his legal papers and the law library did not constitute

extraordinary circumstances" where petitioner "asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding"); Fonseca v. McNeil, No. 08-80777-CIV, 2009 WL 196095 at *3-4 (S.D. Fla. Jan. 27, 2009) (rejecting equitable tolling argument and explaining "[r]egarding any transfers, Fonseca has not alleged a total denial of access to a law library, or an absolute deprivation of access to all legal materials" and "[t]he same is true for the alleged multiple transfers").

**Conclusion**

This § 2254 petition is untimely. Petitioner has not demonstrated entitlement to equitable tolling or application of any other exception to the one-year AEDPA limitations period. Accordingly, the petition should be summarily dismissed.

**Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)

(explaining how to satisfy this showing).[4] Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Petitioner's motion to supplement (Doc. 6) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **SUMMARILY DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 11, 2013.

**s/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]Because dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**